IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| MEL and PATRICIA JACQUELINE GORDON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| U.S. FOODSERVICE, INC., a Delaware corporation; and ED DOE, an employee of U.S. FOODSERVICE, INC., | ) ) ) ) |
| Defendants. | ) ) ) |

Civil Case No. 05-83-KI

OPINION AND ORDER

Peter O. Hansen
620 S.W. Fifth Avenue, Suite 1210
Portland, Oregon  97204-1426

    Attorney for Plaintiffs

Page 1 - OPINION AND ORDER

Joshua M. Sasaki
Kieran J. Curley
Miller Nash LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204-3699

    Attorneys for Defendants

KING, Judge:

Before the court is plaintiffs' Motion for Jury Trial (#29).  For the reasons below, I grant the motion.

## DISCUSSION

Defendants object to a jury trial, contending that plaintiffs should have made a written demand for a jury trial under Federal Rule of Civil Procedure 38(b) within 10 days after service of the last pleading directed to such issue.  Defendants argue that the last pleading was defendant Brandt's counterclaim for attorney fees, filed on February 23, 2005.  Because plaintiffs have not replied to the counterclaim, defendants contend that the current motion for a jury trial is untimely.

Defendants removed this action from state court on January 20, 2005.  Thus, the explanation of how to make a jury demand in Rule 38 does not apply.  Instead, Rule 81(c), explaining procedures in removed cases, governs the situation.  Rule 81(c) states in relevant part:

> If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury.

Page 2 - OPINION AND ORDER

The relevant Oregon Rule of Civil Procedure states:

> The trial of all issues of fact shall be by jury unless:
>
> C(1) The parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial without a jury; or
>
> C(2) The court, upon motion of a party or on its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of this state.

ORCP 51(c). There is no evidence that either exception applies. Thus, the quoted portion of Rule 81(c) provides that plaintiffs did not have to make an express jury demand after removal because they did not have to make an express demand to claim a jury trial under the Oregon rules of procedure. At the last telephone conference on June 18, 2007, I asked plaintiffs to move for a jury trial if they sought one. Plaintiffs complied expeditiously. Accordingly, I grant plaintiffs' motion for a jury trial.

## CONCLUSION

Motion for Jury Trial (#29) is granted.

IT IS SO ORDERED.

Dated this ＿＿23rd＿＿ day of July, 2007.

　　　　　　　　　　　　　　　　　　／s／ Garr M. King　　　　　　　
　　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　　United States District Judge